IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NABOR SANTAMARIA DE JESUS, § § *Petitioner*, § § v. § § COOKE COUNTY SHERIFF; WARDEN of § COOKE COUNTY JAIL; ACTING § DALLAS FIELD OFFICE DIRECTOR, § United States Immigration & Customs § Enforcement; KRISTI NOEM; and PAMELA § J. BONDI, § § *Respondents*. § | CIVIL ACTION NO. 4:25-CV-1200 JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

Before the Court is Petitioner Nabor Santamaria de Jesus's Emergency Application for Temporary Restraining Order and Order to Show Cause Re Temporary Injunction (the Motion) [Dkt. 1-2]. For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

Petitioner Nabor Santamaria de Jesus (Santamaria) is a Mexican national who entered the United States illegally as a child. [Dkt. 1 at ¶ 7]. On October 14, 2025, Santamaria was arrested and detained for drunk driving in Cooke County, Texas. *Id.* at ¶ 10. Following Santamaria's arrest, United States Immigration and Customs Enforcement (ICE) lodged a detainer indicating its intent to deport Santamaria to Mexico.[1] *Id.* Santamaria remains in Cooke County jail but fears that ICE could take him into custody without notice and expeditiously deport him at any time. *See id.*

---

[1] Santamaria has been deported at least twice before. [Dkt. 1 at ¶ 13].

1

## II. LEGAL STANDARD

### A. Temporary Restraining Order

#### 1. Substantive Requirements

Parties seeking a temporary restraining order must satisfy four substantive requirements. *See Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017) (per curiam). First, there must be a substantial likelihood that the movant will prevail on the merits. *Id.* Second, there must be a substantial threat that irreparable harm will result without a temporary restraining order. *Id.* at 403. Third, the "balance of equities" must favor the party seeking a temporary restraining order. *Id.* That is, the lack of a temporary restraining order must be more harmful to the moving party than the issuance of a temporary restraining order would be to the opposing party. Last, granting the preliminary injunction must serve the public interest. *Id.*

#### 2. Requirements for *Ex Parte* Issuance

Courts may issue temporary restraining orders on an *ex parte* basis only if two conditions are met. *See* FED. R. CIV. P. 65(b)(1)(A)–(B). First, the party seeking an *ex parte* temporary restraining order must present "an affidavit or a verified complaint" containing "specific facts . . . clearly show[ing] that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Second, the movant's attorney must "certif[y] in writing any efforts made to give notice and why it should not be required." FED. R. CIV. P. 65(b)(1)(B).

## III. DISCUSSION

Santamaria has not demonstrated a substantial likelihood that his petition for habeas relief will succeed on the merits. Accordingly, the Court does not decide whether he meets the other three substantive requirements for obtaining a temporary restraining order, or the procedural requirements for obtaining such an order on an *ex parte* basis.

**A. Substantial Likelihood of Success on the Merits**

A habeas petition under 28 U.S.C. § 2241 serves the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Only five types of prisoners are entitled to habeas relief under section 2241. *See* 28 U.S.C. § 2241(c)(1)–(5). First, habeas relief is available to prisoners in the custody of federal authorities or of persons acting "under color of" federal authority. *Id.* § 2241(c)(1). Second, prisoners whose detention violates federal law can avail themselves of habeas relief under section 2241. *Id.* § 2241(c)(2). Prisoners in custody pursuant to a congressional act or federal court's order may likewise obtain habeas relief. *Id.* § 2241(c)(3). Fourth, habeas relief extends to prisoners in custody for conduct protected by international law. *See id.* § 2241(c)(4). Finally, a prisoner can secure habeas relief if his appearance in court is required for trial or testimony. *Id.* § 2241(c)(5).

Here, Santamaria claims that his detention violates both federal statutory law and the Fifth Amendment to the United States Constitution. *See* [Dkt. 1 at ¶¶ 32–42]. It does not. First, Santamaria's reliance on federal statutes like the Administrative Procedure Act (APA) and 8 U.S.C. § 1226(a) is misplaced. Santamaria is in state custody for violating a state drunk-driving law. [Dkt. 1 at ¶ 10]. The APA, by its terms, applies only to "agency" action, and defines an "agency" as an "authority of the Government of the United States." 5 U.S.C. §§ 701, 706. This definition excludes states and state political subdivisions, including Cooke County. 8 U.S.C. § 1226(a) likewise does not bind states or their political subdivisions; it imposes obligations only on the United States Attorney General. *See* 8 U.S.C. § 1226(a). Thus, the federal statutes that Santamaria cites have no bearing on the lawfulness of his detention.[2]

---

[2] The Court surmises that Santamaria actually intended to challenge his impending detention by ICE rather than his current detention by Cooke County. However, Santamaria cannot obtain habeas relief from ICE detention if he is not in ICE detention. *See* 28 U.S.C. § 2241(c)(1)–(4). At this time, he is in Cooke County's custody, not ICE's. To the extent Santamaria's habeas petition challenges his expected detention by ICE, the petition is premature.

Santamaria further alleges that his detention violates his due-process rights to liberty and access to the courts under the Fifth Amendment to the United States Constitution. [Dkt. 1 at ¶¶ 33, 39]. Both arguments are dubious. First, the very filing of this lawsuit belies Santamaria's claim that his detention deprives him of access to the court system. An inmate's right of access to the courts is not infringed if the inmate can prepare and transmit necessary legal documents to a court. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Clearly, Santamaria is able to do so. Second, Santamaria's pretrial detention for driving under the influence does not violate the Fifth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 534 (1979). Pretrial detention violates due process only when the conditions or duration of confinement are not reasonably related to a legitimate governmental objective. *Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir. 1996). Here, Santamaria challenges no specific conditions of his confinement—only the confinement itself. [Dkt. 1 at ¶ 39]. Because pretrial detention is a "legitimate means" of furthering the state's "substantial interest in ensuring that persons accused of crimes are available for trials," it does not violate due process. *See Bell*, 441 U.S. at 534.

Because Santamaria has failed to cite any federal law that prohibits his current detention, he has not proven a substantial likelihood of succeeding on the merits of his habeas petition. Accordingly, he does not meet the substantive requirements for obtaining a temporary restraining order.

## IV. CONCLUSION

It is therefore **ORDERED** that Santamaria's Emergency Application for Temporary Restraining Order and Order to Show Cause Re Temporary Injunction [Dkt. 1-2] is hereby **DENIED**.

**SIGNED this 7th day of November, 2025.**

Michael J. Truncale
United States District Judge